111UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Case No. 23-20338

DAVID ERIC YELLEN,                    Sean F. Cox
                                                        United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING GOVERNMENT'S MOTION FOR LATE OBJECTION TO PSR
AND SETTING FORTH RULINGS REGARDING UPCOMING SENTENCING**

In this criminal action, Defendant David Eric Yellen ("Yellen") pleaded guilty to one count – Distribution of Child Pornography under 18 U.S.C. § 2252A(a)(2).  Yellen is scheduled to be sentenced by this Court on November 22, 2024.  The matter is before the Court on the Government's "Motion For Late Objection To Presentence Investigation Report."  (ECF No. 48).  The parties have briefed that motion, and have filed supplemental briefs addressing other issues concerning the upcoming sentencing.  The Court concludes that oral argument is not necessary as to the Government's motion.  Local Rule 7.1.  For the reasons set forth below, the Court DENIES the Government's motion and the Presentence Investigation Report stands as written.  In addition, the Court RULES that: 1) this Court will consider the three written statements of the gymnasts (attached to the Government's Sentencing Memorandum), pursuant to § 3661 but will not allow those individuals to speak at Yellen's sentencing hearing; and 2) prior to the sentencing hearing, the Court will meet with counsel for the parties so that this Court can review the images referenced in Paragraph 50 of the PSR, that this Court will also consider,

1

pursuant to § 3661.

## BACKGROUND

In this criminal action, Defendant Yellen was charged with: 1) one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2)(A) ("Count One"); and 2) one count of Possession of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) ("Count Two").

On May 22, 2024, Yellen pleaded guilty to one count – Distribution of Child Pornography under 18 U.S.C. § 2252A(a)(2). (Rule 11 Plea Agreement, ECF No. 25).[1] The elements of the count of conviction are: 1) the defendant knowingly distributed child pornography; 2) the defendant knew that the material was child pornography; and 3) the child pornography was distributed using a means or facility of interstate commerce, shipped, or transported in or affecting interstate commerce. (*Id*. at 2). The Plea Agreement contains the following factual basis:

> On or about May 11, 2023, in the Eastern District of Michigan, the defendant knowingly distributed child pornography by making files containing child pornography available for others to download on a peer-to-peer network. On that date, a law enforcement officer downloaded numerous files containing child pornography from the defendant's computer, which the defendant distributed to the internet, a means and facility of interstate commerce. The images were child pornography in that they contained images of minors engaged in sexually explicit conduct, including but not limited to the lascivious exhibition of the genitals of minors.

(*Id*. at 3).

On May 22, 2024, this Court issued its standard "Order Setting Sentencing And Deadline

---

[1] In the Rule 11 Agreement, the Government agreed to dismiss the remaining charge. (ECF No. 25 at PageID.61).

Dates And Imposing Other Responsibilities" ordering, in pertinent part, as follows:

> 2)   On or before AUGUST 2, 2024, the PSR must be submitted to counsel by the Probation Officer for review and possible objections.
>
> 3)   On or before AUGUST 16, 2024, any PSR objection must be stated to the Probation Officer (but cannot be filed on the docket). In stating an objection, *counsel must use a format substantially similar to the attached Addendum. A purported PSR objection originating in a letter, an e-mail, a "sentencing memorandum," etc., will be rejected by the Probation Officer and returned to the party who provided it.*
>
> 4)   On or before AUGUST 30, 2024, the proposed final form of the PSR must be delivered to the court by the Probation Department.

(ECF No. 26) (emphasis added).

The probation department provided its initial Presentence Investigation Report ("PSR") to counsel on July 30, 2024. Yellen made timely objections to the initial PSR.[2] The Government did not make any objections to the initial PSR by the August 16, 2024 deadline.

On August 27, 2024, the final PSR was submitted to the Court and counsel for the parties.

The final PSR states that "each minor child depicted in images of child pornography is a victim." (PSR at 7). "According to the government, the victims identified in this case are children that reside outside of the United States and contact information is not available." (PSR at 7; *see also* PSR at 15). The PSR notes that, during the investigation into Defendant Yellen, "great concern was placed on the defendant's behavior due to his employment status as a photographer; specifically, photographer that specialized in female youth gymnastics." (PSR at 11). But "[t]here have been no accusations or evidence provided that indicate YELLEN ever took images

---

[2]Yellen's objections have since been resolved.

of children that were pornographic." (*Id.*) "The defendant's behavior appears to have occasionally crossed a threshold of inappropriate (purchasing gifts, lunches) but not criminal." (*Id.*). The PSR notes that the Court shall order restitution to every identifiable victim of defendant's offense. But again, the PSR states that the victims reside outside of the United States.

The Government did not seek to raise any objections to the final PSR after receiving it on August 27, 2024.

Yellen was scheduled to be sentenced by this Court on October 18, 2024.

Defendant Yellen filed a sealed Motion for Downward Variance on October 4, 2024.

On October 11, 2024, the Government filed its Sentencing Memorandum. (ECF No. 40). In it, the Government opposed Yellen's motion seeking a downward variance and asked the Court to impose a sentence at the top of Yellen's guidelines, 188 months of imprisonment. The crime for which Yellen is to be sentenced is distribution of child pornography. Yet the bulk of the Government's Sentencing Memorandum addresses Yellen's prior work as a gymnastics photographer and his involvement with young women who participated in gymnastics. In Section IV, the Government's Sentencing Memorandum states:

> Some of the gymnasts who are victims of Yellen's conduct plan to attend the sentencing hearing. At least two of these individuals plan to speak to the court and express how Yellen's conduct has impacted their lives. Victim impact statements from three of the impacted gymnasts are attached as Exhibit 1 and Sealed Exhibits 2 and 3.
> The government will also have the images that Yellen created available to the court at or before the sentencing hearing.

(ECF No. 40 at PageID.264-65). The Government's Sentencing Memorandum and Response Opposing Downward Variance attached three written victim impact statements, two of which

4

were sealed.

At approximately 3:30 p.m. on October 16, 2024, the Government filed a motion asking the Court to permit a support canine "to accompany several victims while they speak," sitting beside them on the witness stand, at the October 18th sentencing because the government believes that attending and participating in the sentencing "will be traumatic for them." (ECF No. 42). This Court denied that motion as untimely.

The parties appeared on October 18, 2024, for the scheduled sentencing. At that time, this Court noted that defense counsel had voiced an objection to the alleged gymnast victims being permitted to speak at Yellen's sentencing. In walking through the background of this case, the Court noted that the Government never objected to anything in the PSR:

> Now, let's turn to the presentence report, filed on August 22nd -- sorry -- 26, 2024.
> *The Government did not object to anything contained in that presentence report, is that correct?*
> MS. ALSADEN: That's correct.
> . . . .
> Now, on the victim issue, who is a victim? Again, there's no objection from the Government in the presentence report -- let's look at paragraph 16.
> Each minor child -- I'm going to the second sentence.
> Each minor child depicted in images of child pornography is a victim. The children are first victimized by the producer of the images and the sexual abuse, which takes place in the creation of the images. The children are subsequently victimized each time the image is viewed, particularly for those who view the image for the purposes of exploitation and/or sexual gratification.
> *According to the Government, and that's you, the U.S. Attorney's Office, the victims identified in this case are children that reside outside the United States and contact information is not available.*
> *No objection from the Government as to what the victims in this case in these charges involving Mr. Yellen.*
> . . . .
> And let's jump over to page 10, paragraph 50 . . . A review of the images found on Yellen's computer caused concern as they -- as there were 200 images in a folder named BAK, which stood for barefoot kids. The defendant admitted

5

> that he has a fetish for viewing the images of child -- children's feet. There have been no accusations or evidence provided that indicate Yellen ever took images of children that were pornographic and there have been no accusations made.
>
> Again, no objection from the Government.
>
> Continuing. Last sentence. The defendant's behavior appears to be occasionally -- occasionally crossed a threshold of inappropriate, parenthesis, purchasing gifts, lunches, but not criminal. Again, not criminal.
>
> Again, no objection from the Government to that statement.
>
> In that paragraph, all -- brings up the issue, the statement, it is noted, however -- above that, however, many of the images in the BAK folder were taken by the defendant at gymnastic events. It is noted that during the investigation, many gymnast parents indicated they had concerns about the defendant's tendency towards young girls at the gym and voiced their concerns to the owners. However, there were never any reports to law enforcement.
>
> And again, the concluding sentence, defendant's behavior appears to have occasionally crossed the threshold of inappropriate, purchasing gifts, lunches, but not criminal.
>
> . . . .
>
> So it seems something changed after August 26th of this year, 2024.
>
> The victims were abused, horrifically, abused children outside of the United States.
>
> And he was charged for that conduct. And as the Government at least agreed in August of this year, those were the victims. But the focus for the . . . Government's sentencing memorandum seems to have been directed towards gymnasts, toxic gymnastic academies and his job role as a photographer.

(10/18/24 H.G. Tr.)

It was not until after this Court questioned whether the Government's alleged gymnast victims were actually crime victims entitled to speak at sentencing that counsel for the Government stated that she "should have" objected to the PSR. (*See* 10/18/24 Hrg. Tr. at 24-25). Counsel for the Government stated that, as to Paragraph 50 of the PSR, "I should have actually objected to that. I know I was under the impression we could bring these to the Court and have a conversation about this, but I guess I was wrong." (*Id*. at 24).

This Court adjourned the sentencing hearing until November 22, 2024, and issued an

6

order for supplemental briefing as to the issue of whether the gymnasts are "crime victims" for purposes of being entitled to speak at Yellen's sentencing hearing.  (ECF No. 45).

On October 25, 2024, counsel for the Government contacted this Court's case manager, via email, and advised that she wished to make an untimely objection to the PSR.  Thereafter, this Court issued an "Order Regarding Informal Request To Make Untimely Objection To PSR," ordering that the Government would need to file a formal motion.  The Government then filed its "Motion For Late Objection To Presentence Investigation Report." (ECF No. 48).  Defendant Yellen opposes this motion arguing, among other things, that the Government has not established good cause to excuse its failure to make timely objections to the PSR.

## ANALYSIS

**I.     The Court Denies The Government's Motion For Late Objection To The PSR**.

Under the subsection of the initial PSR titled "Mental and Emotional Health," paragraph 50 read as follows:

> 50.    During the investigation into the instant offense, great concern was placed on the defendant's behavior due to his employment status as a photographer; specifically, a photographer that specialized in female youth gymnastics. A review of the images found on YELLEN'S computer caused concern as there were 200 images in a folder named "BFK" which stood for Barefoot Kids. The defendant admitted that he has a fetish for viewing images of children's feet. *There have been no accusations or evidence provided that indicate YELLEN ever took images of children that were pornographic and there have been no accusations made of the same*. However, many of the images in the BFK folder were taken by the defendant at gymnastic events. It is noted, during the investigation, many gymnasts and parents admitted they had concerns about the defendant's tendency toward young girls at the gym and voiced their concerns to the owners. However, there were never reports made to law enforcement. *The defendant's behavior appears to have occasionally crossed a threshold of inappropriate (purchasing gifts, lunches) but not criminal.*

(PSR at ¶ 50) (emphasis added).  The Government did not file any timely objections to the initial PSR by the August 16, 2024 due date, and therefore, paragraph 50 of the final PSR remained the same.

In its pending motion, the Government now asks this Court to change Paragraph 50 of the final PSR in several respects.  First, it asks the Court to change the number of images referenced in the second sentence from 200 to 50,000.  Second, it asks the Court to add the following two sentences, that were not in the final PSR:

> The BAK folder had over 1000 subfolders in the names of gymnasts that Yellen had photographed.  Many of these images included close-ups of the gymnasts' feet and genital areas under leotards.

(ECF No. 48 at 2).  Third, the Government asks the Court to entirely remove the sentence that reads "There have been no accusations or evidence provided that indicate YELLEN ever took images of children that were pornographic and there have been no accusations made of the same."  (*Id.*).  Fourth, it asks the Court to remove the words "but not criminal," in the last sentence of the final PSR that reads:  "The defendant's behavior appears to have occasionally crossed as threshold of inappropriate (purchasing gifts, lunches) but not criminal."  (*Id.*).

Rule 32(f) of the Federal Rules of Criminal Procedure governs objections to presentence investigation reports and provides:

> (f) Objecting to the Report.
>
> > (1) Time to Object. Within 14 days after receiving the presentence report, the parties must state in writing any objections, including objections to material information, sentencing guideline ranges, and policy statements contained in or omitted from the report.
> >
> > (2) Serving Objections. An objecting party must provide a copy of its

> objections to the opposing party and to the probation officer.
>
> (3) Action on Objections. After receiving objections, the probation officer may meet with the parties to discuss the objections. The probation officer may then investigate further and revise the presentence report as appropriate.

Fed. R. Crim. P. 32(f)(1).

In addition, this Court's May 22, 2024 "Order Setting Sentencing And Deadline Dates And Imposing Other Responsibilities" expressly provides that: 2) "[o]n or before AUGUST 2, 2024, the PSR must be submitted to counsel by the Probation Officer for review and possible objections;" 3) "[o]n or before AUGUST 16, 2024, any PSR objection must be stated to the Probation Officer (but cannot be filed on the docket). In stating an objection, *counsel must use a format substantially similar to the attached Addendum. A purported PSR objection originating in a letter, an e-mail, a "sentencing memorandum," etc., will be rejected by the Probation Officer and returned to the party who provided it;*" and 4) "[o]n or before AUGUST 30, 2024, the proposed final form of the PSR must be delivered to the court by the Probation Department." (ECF No. 26) (emphasis added).

It is undisputed that the Government did not make any timely objections to the PSR. Upon a showing of "good cause," however, a district court may allow a party to "make a new objection at any time before sentence is imposed."  Fed. R. Crim. P. 32(i)(1)(D); *see also United States v. Perkins*, 89 F.3d 303, 306 (6th Cir. 1996).

Here, the Government contends that "good cause" exists for it to bring its untimely objections because: 1) it believes the "PSR as written is incorrect;" and 2) Yellen has "been on notice of the government's concerns about the PSR." (Govt.'s Br. at 5 & 6).  The Government

also asserts that the fact that this Court addressed paragraph 50 of the PSR at the October 18, 2024 hearing also "provides additional good cause to permit a late objection to it." (*Id*. at 7).

The Court finds that the Government has failed to establish good cause for its failure to assert timely objections to the PSR.

To allow a party to make untimely objections to a PSR anytime a party belatedly perceives the PSR to be incorrect in some respect would render the rules regarding the presentation of, and action upon, objections useless. And that is true regardless of whether the Government sent "emails" expressing "concerns" that never amounted to the Government actually filing objections to either the initial or the final PSR. These rules and deadlines exist for a reason and this Court's order expressly advised that sending emails is not sufficient to assert an objection and that formal objections had to be raised in the format required by this Court. None of this is new to the Government, it is this Court's standard procedure and has been for many years. Finally, this Court finding portions of the PSR to be relevant to legal issues related to Defendant's sentencing does not somehow provide "good cause" for the Government to change its position and belatedly seek to assert objections to the PSR that it failed to make back in August.

Accordingly, the Court denies this motion and the final PSR stands as written.

II. **The Court Will Consider The Written Statements From The Gymnasts, In Connection With Yellen's Sentencing, But Will Not Permit Them To Speak At The Upcoming Sentencing Hearing.**

As instructed by this Court, both sides filed supplemental briefs addressing whether the alleged gymnast victims are entitled to speak at Yellen's sentencing.

In his brief, Yellen asserts that the gymnasts are not crime victims who are entitled to

speak at his sentencing under the Crime Victims Rights Act ("CVRA"), Fed. R. CIM. P. 32(i)(4)(B), or Fed. R. Crim. 60.  (ECF No. 47).

The Government does not argue otherwise in its supplemental brief.  (*See* ECF No. 49 at 1 & 3) ("The government is not asserting that the gymnasts are statutory crime victims under the CVRA," "the government does not assert that the gymnasts are statutory victims of Yellen's crime of conviction," and the "government is not seeking restitution on behalf of the gymnasts or asserting that they have a statutory right to be heard under the CVRA.")

As both parties recognize in their briefs, however, this Court has wide discretion under 18 U.S.C. § 3661 to consider information concerning Yellen's background and characteristics. *See* 18 U.S.C. § 3661, providing "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."). Both parties also recognize that in order to consider such outside information for purposes of sentencing, the information at issue must have sufficient indicia of reliability.  *See also United States v. Perez*, 956 F.3d 970, 977 (6th Cir. 2020).

Paragraph 50 of the PSR in this case describes Yellen's prior involvement in female youth gymnastics, his having taken multiple photographs of minor gymnasts, and his having engaged in "inappropriate conduct" that was not criminal.  The three gymnasts at issue provided written statements, consistent with the PSR, that Yellen had personal interactions with them during the time period that Yellen was involved in local gymnastics.  The Court concludes that the written statements of these three gymnasts have sufficient indicia of reliability such that the Court may consider them, under § 3661.  That said, the Court notes that these statements are of

limited value. That is because these statements are largely duplicative of the information set forth in the PSR and because this Court is also going to review, prior to the sentencing, the images referenced in the PSR that were on Yellen's computer. This Court will therefore review and consider *the written statements* of these three gymnasts prior to Yellen's sentencing. But the Court will not permit those individuals to speak at the sentencing.

## CONCLUSION & ORDER

For the reasons above, **IT IS ORDERED** that the Government's Motion For Late Objection To Presentence Investigation Report (ECF No. 48) is **DENIED** and the PSR stands as written.

With respect to Defendant's upcoming November 22, 2024 sentencing, this Court hereby **RULES** that:

1) As a matter of this Court's discretion, the Court concludes that *the written statements* of these three gymnasts have sufficient indicia of reliability such that the Court will consider them, under § 3661. But the Court will not permit those individuals to speak at the sentencing hearing; and

2) Prior to the November 22, 2024 sentencing hearing, the Court will meet with counsel for the parties, so that this Court can review the images referenced in Paragraph 50 of the PSR, that this Court will also consider, pursuant to § 3661.

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 14, 2024